UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA MORENA GONZALEZ,<br><br>                    Plaintiff,<br><br>          v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,[1]<br><br>                    Defendant. | Case No. CV 16-4847 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I.   SUMMARY

On July 1, 2016, Rosa Morena Gonzalez ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; July 6, 2016 Case Management Order ¶ 5.

---

[1]Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is hereby substituted for Commissioner Carolyn W. Colvin as the defendant in this action.

1

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is REVERSED AND REMANDED for further proceedings

3    consistent with this Memorandum Opinion and Order of Remand.

4  **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5        **DECISION**

6        On December 19, 2012, plaintiff filed an application for Disability

7    Insurance Benefits alleging disability beginning on August 13, 2011, due to back,

8    breathing, hernia, and heart problems.  (Administrative Record ("AR") 16, 200).

9    The Administrative Law Judge ("ALJ") examined the medical record and heard

10   testimony from plaintiff (who was represented by counsel) and a vocational expert

11   on November 3, 2014.  (AR 28-56).

12       On January 9, 2015, the ALJ determined that plaintiff was not disabled

13   through the date of the decision.  (AR 16-24).  Specifically, the ALJ found:

14   (1) plaintiff suffered from the following severe impairments:  degenerative disc

15   disease of the cervical spine with cervical strain, degenerative disc disease of the

16   lumbar spine with radiculopathy, dyspepsia, helicobacter pylori infection,

17   gastroesophageal reflux disease, hyperlipidemia, and fracture of the left fibula (AR

18   18); (2) plaintiff's impairments, considered singly or in combination, did not meet

19   or medically equal a listed impairment (AR 20); (3) plaintiff retained the residual

20   functional capacity to perform medium work (20 C.F.R. § 404.1567(c)) with

21   additional limitations[2] (AR 20); (4) plaintiff could perform her past relevant work

22   as a bakery packer (AR 22); (5) alternatively, there are also jobs that exist in

23   significant numbers in the national economy that plaintiff could perform,

24   specifically industrial cleaner, courtesy clerk, and furniture cleaner (AR 22-23);

25   ///

26

27       [2]The ALJ determined that plaintiff could (i) occasionally climb ladders, ropes, and
     scaffolds; (ii) frequently climb ramps and stairs, crouch, balance, stoop, crawl, and kneel; and
28   (iii) occasionally reach overhead with the upper extremities.  (AR 20).

and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely credible (AR 20-21).

On May 4, 2016, the Appeals Council denied plaintiff's application for review.  (AR 1).

## III.  APPLICABLE LEGAL STANDARDS

### A.  Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is required to use the following five-step sequential evaluation process:

(1)  Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2)  Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3)  Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

///

3

1
   (4)  Does the claimant possess the residual functional capacity to

2
       perform claimant's past relevant work?  If so, the claimant is

3
       not disabled.  If not, proceed to step five.

4
   (5)  Does the claimant's residual functional capacity, when

5
       considered with the claimant's age, education, and work

6
       experience, allow the claimant to adjust to other work that

7
       exists in significant numbers in the national economy?  If so,

8
       the claimant is not disabled.  If not, the claimant is disabled.

9
Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

10
Cir. 2006) (citations omitted); see also 20 C.F.R. § 404.1520(a)(4) (explaining

11
five-step sequential evaluation process).

12
   The claimant has the burden of proof at steps one through four, and the

13
Commissioner has the burden of proof at step five.  Burch v. Barnhart, 400 F.3d

14
676, 679 (9th Cir. 2005) (citation omitted).

15
   **B.**  **Standard of Review**

16
   Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

17
benefits only if it is not supported by substantial evidence or if it is based on legal

18
error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

19
2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

20
(9th Cir. 1995)).

21
   Substantial evidence is "such relevant evidence as a reasonable mind might

22
accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389,

23
401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but

24
less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan,

25
911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence

26
supports a finding, a court must "'consider the record as a whole, weighing both

27
evidence that supports and evidence that detracts from the [Commissioner's]

28
///

1   conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)

2   (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).

3       While an ALJ's decision need not discuss every piece of evidence or be

4   drafted with "ideal clarity," at a minimum it must explain the ALJ's reasoning

5   with sufficient specificity and clarity to "allow[] for meaningful review." Brown-

6   Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations and internal

7   quotation marks omitted); Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir.

8   2003) (citations omitted); see also Craft v. Astrue, 539 F.3d 668, 673 (7th Cir.

9   2008) (ALJ must provide "accurate and logical bridge" between evidence and

10  conclusion that claimant is not disabled so reviewing court "may assess the

11  validity of the agency's ultimate findings") (citation and quotation marks omitted);

12  see generally 42 U.S.C. § 405(b)(1) ("ALJ's unfavorable decision must, among

13  other things, "set[] forth a discussion of the evidence" and state "the reason or

14  reasons upon which it is based").

15      An ALJ's decision to deny benefits must be upheld if the evidence could

16  reasonably support either affirming or reversing the decision. Robbins, 466 F.3d

17  at 882 (citing Flaten, 44 F.3d at 1457). Nonetheless, a court may not affirm

18  "simply by isolating a 'specific quantum of supporting evidence.'" Id. at 882

19  (citation omitted). In addition, federal courts may review only the reasoning in the

20  administrative decision itself, and may affirm a denial of benefits only for the

21  reasons upon which the ALJ actually relied. Garrison v. Colvin, 759 F.3d 995,

22  1010 (9th Cir. 2014) (citation omitted).

23      Even when an ALJ's decision contains error, it must be affirmed if the error

24  was harmless. Treichler v. Commissioner of Social Security Administration, 775

25  F.3d 1090, 1099 (9th Cir. 2014). An ALJ's error is harmless if (1) it was

26  inconsequential to the ultimate nondisability determination; or (2) despite the

27  error, the ALJ's path may reasonably be discerned, even if the ALJ's decision was

28  drafted with less than ideal clarity. Id. (citation and quotation marks omitted).

1   A reviewing court may not conclude that an error was harmless based on
2   independent findings gleaned from the administrative record.  Brown-Hunter, 806
3   F.3d at 492 (citations omitted).  When a reviewing court cannot confidently
4   conclude that an error was harmless, a remand for additional investigation or
5   explanation is generally appropriate.  See Marsh v. Colvin, 792 F.3d 1170, 1173
6   (9th Cir. 2015) (citations omitted).

7   **IV.   DISCUSSION**

8   Plaintiff contends that the ALJ failed to provide clear and convincing
9   reasons for rejecting plaintiff's subjective complaints.  (Plaintiff's Motion at 7-8).
10  As discussed below, the Court agrees.  Since the Court cannot find the ALJ's error
11  to be harmless, a remand is warranted.

12  **A.   Pertinent Law**

13  When determining disability, an ALJ is required to consider a claimant's
14  impairment-related pain and other subjective symptoms at each step of the
15  sequential evaluation process.  20 C.F.R. §§ 404.1529(a) & (d).  Accordingly,
16  when a claimant presents "objective medical evidence of an underlying
17  impairment which might reasonably produce the pain or other symptoms [the
18  claimant] alleged," the ALJ is required to determine the extent to which the
19  claimant's statements regarding the intensity, persistence, and limiting effects of
20  his or her symptoms ("subjective statements" or "subjective complaints") are
21  consistent with the record evidence as a whole and, consequently, whether any of
22  the individual's symptom-related functional limitations and restrictions are likely
23  to reduce the claimant's capacity to perform work-related activities.  20 C.F.R.
24  §§ 404.1529(a), (c)(4); Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029,
25  ///
26  ///
27  ///
28  ///

6

1   at *4-*9; SSR 96-7p, 1996 WL 374186, at *1-*5.[3]  When an individual's

2   subjective statements are inconsistent with other evidence in the record, an ALJ

3   may give less weight to such statements and, in turn, find that the individual's

4   symptoms are less likely to reduce the claimant's capacity to perform work-related

5   activities.  See SSR 16-3p, 2016 WL 1119029, at *7-*8; SSR 96-7p, 1996 WL

6   374186, at *1-*3.  In such cases, when there is no affirmative finding of

7   malingering, an ALJ may "reject" or give less weight to the individual's subjective

8   statements "by providing specific, clear, and convincing reasons for doing so."

9   Brown-Hunter, 806 F.3d at 488-89.[4]  This requirement is very difficult to satisfy.

10  See Garrison, 759 F.3d at 1015 ("The clear and convincing standard is the most

11  ///

12

13       [3]Social Security Rulings reflect the Social Security Administration's ("SSA") official
14  interpretation of pertinent statutes, regulations, and policies. 20 C.F.R. § 402.35(b)(1). Although
     they "do not carry the 'force of law,'" Social Security Rulings "are binding on all components of
15  the . . . Administration[,]" and are entitled to deference if they are "consistent with the Social
     Security Act and regulations." 20 C.F.R. § 402.35(b)(1); Bray v. Commissioner of Social
16  Security Administration, 554 F.3d 1219, 1224 (9th Cir. 2009) (citations and quotation marks
     omitted); see also Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984) (discussing weight and
17  function of Social Security rulings).  Effective March 28, 2016, the SSA issued SSR 16-3p which
     superseded SSR 96-7p and, in part, eliminated use of the term "credibility" from SSA
18  "sub-regulatory policy[]" in order to "clarify that subjective symptom evaluation is not an
     examination of an individual's [overall character or truthfulness] . . . [and] more closely follow
19  [SSA] regulatory language regarding symptom evaluation." See SSR 16-3p, 2016 WL 1119029,
     at *1-*2, *10; see also 2016 WL 1237954, *1 (correcting SSR 16-3p effective date to read March
20  28, 2016).  SSR 16-3p became effective after the ALJ issued the decision in the instant case but
     before the Appeals Council denied review.  Nonetheless, the possible applicability of SSR 16-3p
21  need not be resolved here since the ALJ's evaluation of plaintiff's subjective complaints in this
     case fails to pass muster whether SSR 16-3p or its predecessor, SSR 96-7p, govern.
22
23

24       [4]It appears to this Court, based upon its research of the origins of the requirement that
     there be "specific, clear and convincing" reasons to reject or give less weight to an individual's
25  subjective statements absent an affirmative finding of malingering, that such standard of proof
     remains applicable irrespective of whether SSR 96-7p or SSR 16-3p governs. See Burrell v.
26  Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014) (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th
     Cir. 1989), Gallant v. Heckler, 753 F.2d 1450, 1455 (9th Cir. 1984), Johnson v. Shalala, 60 F.3d
27  1428, 1433 (9th Cir. 1995), and Molina, 674 F.3d at 1112).
28

1 demanding required in Social Security cases.") (citation and quotation marks
2 omitted).

3        An ALJ's decision "must contain specific reasons" for the weight given to
4 the claimant's subjective statements, be consistent with and supported by the
5 evidence in the case record, and be clearly articulated/sufficiently specific to make
6 clear to the claimant and any subsequent reviewer how the ALJ evaluated the
7 individual's symptoms/the weight the ALJ gave to the individual's statements and
8 the specific reasons for that weight.  SSR 16-3p, 2016 WL 1119029, at *9; SSR
9 96-7p, 1996 WL 374186, at *2, *4.  If an ALJ's evaluation of a claimant's
10 statements is reasonable and is supported by substantial evidence, it is not the
11 court's role to second-guess it.  See Thomas v. Barnhart, 278 F.3d 947, 959 (9th
12 Cir. 2002) (citation omitted).

13        **B.     Analysis**

14        First, the ALJ's statement that "notwithstanding the [plaintiff's] allegations
15 of extreme pain and impairment, the record documents only intermittent medical
16 treatment throughout the period at issue" (AR 21) is not sufficiently specific.  An
17 ALJ may give less weight to subjective complaints when a plaintiff fails to seek a
18 level or frequency of medical treatment that is consistent with the alleged severity
19 of the plaintiff's symptoms.  See Molina, 674 F.3d at 1113 (citations omitted);
20 SSR 16-3p, 2016 WL 1119029, at *7-*8; SSR 96-7p, 1996 WL 374186, *7.  Here,
21 however, the ALJ did not specify *which* of plaintiff's "allegations of extreme pain
22 and impairment" he found to be undermined by the alleged intermittent treatment
23 record or *which* evidence in the 1000 plus pages of medical records undermined
24 the particular subjective statement.  A general finding that unspecified medical
25 records reflect infrequent medical treatment for all of plaintiff's subjective
26 complaints does not enable the Court to determine whether the ALJ discredited
27 any specific subjective complaint on permissible grounds.  See, e.g.,
28 Brown-Hunter, 806 F.3d at 494 (legal error where ALJ fails to link claimant's

8

1    testimony found not credible to particular parts of record supporting ALJ's non-
2    credibility determination) (citing Burrell v. Colvin, 775 F.3d 1133, 1139 (9th Cir.
3    2014)); Treichler, 775 F.3d at 1103 ("vague allegation" that claimant's testimony
4    is "not consistent with the objective medical evidence," without any "specific
5    findings in support" insufficient to permit adequate review) (citation and quotation
6    marks omitted); Robbins, 466 F.3d at 884-85 (even where decision provides
7    "facially legitimate reasons" for rejecting claimant's subjective statements, court
8    cannot affirm if ALJ decision's "complete lack of meaningful explanation" of
9    credibility determination leaves reviewing court "nothing with which to assess its
10   legitimacy"); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) ("ALJ must
11   identify what testimony is not credible and what evidence undermines the
12   claimant's complaints.") (citations and quotation marks omitted).

13       Second, similarly, the ALJ's equivocal conclusion that plaintiff's daily
14   activities "seem somewhat inconsistent" with unspecified "allegations of extreme
15   pain and impairment" (AR 21) does not amount to a clear or convincing reason for
16   discrediting any specific subjective complaint.  The ALJ did not specify *which* of
17   plaintiff's daily activities purportedly conflicted with *which* of plaintiff's
18   subjective complaints.  A general finding that plaintiff's collective daily activities
19   are inconsistent with the alleged severity of some or all of plaintiff's subjective
20   complaints is not sufficiently specific.  See Brown-Hunter, 806 F.3d at 494
21   (citation omitted).

22       Moreover, substantial evidence does not support finding that plaintiff's
23   daily activities were materially inconsistent with any specific subjective statement.
24   See generally Garrison, 759 F.3d at 1016 (only where claimant's level of activity
25   is inconsistent with his or her claimed limitations "would [daily] activities have
26   any bearing on [] credibility") (citation and quotation marks omitted).  For
27   example, the ALJ wrote that plaintiff "testified that she continues to walk for
28   exercise, often 35 minutes at a time."  (AR 21).  However, the record reflects that

1   plaintiff's exercise was actually more limited than the ALJ's summary suggests –
2   – *i.e.*, plaintiff testified that she would "try" to exercise by walking around a park,
3   but did so only "three or four days" per week for "30 to 35 minutes," and was
4   unable to walk at all when it was hot during the summer.  (AR 45-46); cf., e.g.,
5   Reddick, 157 F.3d at 722-23 (error for ALJ to paraphrase medical evidence in
6   manner that is "not entirely accurate regarding the content or tone of the record").
7   The ALJ also wrote that plaintiff "admitted that her regular activities include some
8   laundry and cooking chores."  (AR 21).   Nonetheless, plaintiff more precisely
9   testified that she would only cook "twice a week," and her husband did most of the
10  cooking.  (AR 47).  In addition, plaintiff testified that she was only able to wash
11  her own clothes, and in her exertion questionnaire stated that she would "only
12  wash a few clothes" and it took her only "5 minutes to fold."  (AR 47, 210).

13          Even so, the mere fact that plaintiff retained some ability to perform certain
14  minimal activities of daily living is not a clear and convincing reason for
15  discrediting plaintiff's subjective complaints, especially where, like here, the ALJ
16  did not find, and the record does not reflect, that such activities "consume[d] a
17  substantial part of [plaintiff's] day."  See Vertigan v. Halter, 260 F.3d 1044, 1049,
18  1050 (9th Cir. 2001) ("One does not need to be 'utterly incapacitated' in order to
19  be disabled.") (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)); see also
20  Garrison, 759 F.3d at 1016 ("[D]isability claimants should not be penalized for
21  attempting to lead normal lives in the face of their limitations[.]") (citation and
22  internal quotation marks omitted); cf. Bjornson v. Astrue, 671 F.3d 640, 647 (7th
23  Cir. 2012) ("The critical differences between activities of daily living and
24  activities in a full-time job are that a person has more flexibility in scheduling the
25  former than the latter, can get help from other persons . . . and is not held to a
26  minimum standard of performance, as she would be by an employer.") (citations
27  omitted).
28  ///

1    Third, the ALJ wrote "in consideration of the overall record, the [plaintiff's]
2    subjective complaints are credited to the extent that [plaintiff] is found to have had
3    [the residual functional capacity assessed in the ALJ's decision.]"  (AR 22).  Such
4    language, however, is insufficient to identify any specific evidence that may have
5    undermined any particular subjective complaint.  Indeed, the statement suggests
6    that the ALJ may erroneously have assessed plaintiff's residual functional capacity
7    first, and then used it to determine plaintiff's credibility.  See, e.g., Bjornson, 671
8    F.3d at 644-45 (boilerplate language that claimant's statements regarding
9    subjective symptoms "are not credible to the extent they are inconsistent with the
10   above residual functional capacity assessment" "gets things backwards");
11   Holmlund v. Colvin, 2014 WL 3965042, *8 n.12 (N.D. Cal. Aug. 13, 2014)
12   ("boilerplate language" that claimant's subjective statements "are not credible to
13   the extent that they are inconsistent with the above residual functional capacity
14   assessment" is "backwards and has properly been critized [sic] by other courts as
15   unintelligble [sic]").

16   Fourth, the ALJ also wrote "notwithstanding the [plaintiff's] allegations of
17   extreme pain and impairment, the record documents . . . little objective evidence of
18   impairment."  (AR 21).  Since the ALJ did not provide any other clear and
19   convincing reason for discounting plaintiff's subjective complaints, however, this
20   finding is not a proper basis for the ALJ's credibility determination.  See Burch,
21   400 F.3d at 681 (Lack of objective medical evidence to support subjective
22   symptom allegations cannot form the sole basis for discounting pain testimony.).

23   Fifth, as defendant suggests, there may have been other grounds for
24   rejecting plaintiff's subjective statements.  (Defendant's Motion at 4-6).  Since the
25   ALJ did not do so in the decision, however, this Court may not affirm the ALJ's
26   non-disability determination based on such additional grounds.  See Garrison, 759
27   F.3d at 1010 (citation omitted).

28   ///

1    Finally, the Court cannot conclude that the ALJ's errors were harmless.

2    Ultimately, the ALJ's decision lacks any "meaningful explanation" based on

3    specific evidence in the record for rejecting any specific subjective complaint.

4    See, e.g., Brown-Hunter, 806 F.3d at 492 (ALJ's failure adequately to specify

5    reasons for discrediting claimant testimony, "will usually not be harmless").

6    Moreover, the vocational expert testified at the hearing that there would be no

7    work for plaintiff (or a hypothetical individual with the same characteristics as

8    plaintiff) if plaintiff needed "to miss work two or more times per month. . . ."  (AR

9    54).  In light of the significant functional limitations reflected in plaintiff's

10   subjective statements, the Court cannot "confidently conclude that no reasonable

11   ALJ, when fully crediting the [plaintiff's] testimony, could have reached a

12   different disability determination."  Stout, 454 F.3d at 1055-56.

13        Accordingly, a remand is warranted to permit the ALJ to re-evaluate

14   plaintiff's subjective symptoms.

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

## V.    CONCLUSION[5]

2

3        For the foregoing reasons, the decision of the Commissioner of Social

4    Security is reversed in part, and this matter is remanded for further administrative

action consistent with this Opinion.[6]

5        LET JUDGMENT BE ENTERED ACCORDINGLY.

6    DATED:  March 6, 2017

7                                            _____/s/_____

8                                            Honorable Jacqueline Chooljian
                                             UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22        [5]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's
     decision, except insofar as to determine that a reversal and remand for immediate payment of
23   benefits would not be appropriate.

24        [6]When a court reverses an administrative determination, "the proper course, except in rare
     circumstances, is to remand to the agency for additional investigation or explanation."
25   Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and
     quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy
26   defects in the original administrative proceeding. . . ."  Garrison, 759 F.3d at 1019 (citation and
     internal quotation marks omitted); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir.
27   2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess
     pain testimony).

28